### WILLIAM H. H. SMITH V. BUTLER & WARD CO.

1. LIABILITY TO DELIVER EXISTS WHILE GUARANTY CONTINUES.
   S. guaranteed the account of T & Co. for one year, whereupon B & W accepted an order for a lot of 1,000 bicycle saddles to be delivered in lots, as T & Co. should direct; *Held*, that the liability to deliver existed only while the guaranty continued, and that the delivery of the balance the following year was sufficient consideration for a guaranty for that year.
2. A GUARANTY MAY BE BINDING AND ENFORCEABLE AS TO PAST TRANSACTIONS.
   A guaranty is binding and enforceable as to past transactions or advances, if it also covers and is supported by future transactions and advances.

ERROR to the Court of Common Pleas of Lucas county.

PARKER, J.

This proceeding is brought to reverse a judgment obtained by the defendant in error against the plaintiff in error in the court of common pleas of this county.

The cause of action stated in the petition in the court below arises out of the following circumstances: Charles Truman & Co. in the year 1895 and '96 were the manufacturers of bicycles in the city of Toledo. The Butler & Ward Co., a corporation under the laws of New Jersey, were manufacturers and vendors at an eastern city of certain bicycle parts among them bicycle saddles. In the season of 1895 Truman & Co. entered into negotiations with the Butler & Ward Co. for the purchase of certain bicycle saddles. In the course of that negotiation it came to the knowledge of The Butler & Ward Co. that W. H. H. Smith, plaintiff in error, was guaranteeing the performance of contracts entered into by the Truman Co. The Butler & Ward Co. thereupon applied to him for a guaranty of the payment of such indebtedness as might be contracted by Truman & Co. in the purchase of bicycle parts from them, and he gave a written guaranty, which reads as follows:

"Toledo, O., 5, 13, 1895, (May 13, 1895).
"Messrs. Butler & Ward,
"Gentlemen:—Your favor of the 11th inst. is at hand. I will guarantee the account of Truman & Co. for the year 1895.
"Respectfully,
"W. H. H. Smith."

On July 13, 1895, Truman & Co. gave an order to The Butler & Ward Co. for 1,000, 1896 saddles, styles W and X, deliveries to be specified later, with a clamping pin 7-16 hexagon head, and other directions about the style of the saddles. The prices to be paid were stated in the order, and this is stated with reference to it:

"It is understood that deliveries are to commence as soon after October 1, 1895, as we shall specify—not later than September 1, 1895—and the order to be completed by June 1, 1896. Terms, 60 days."

The order was accepted by the Butler & Ward Co., and in pursuance of requests from Charles Truman & Co. they from time to time shipped bicycle saddles under this contract for 1,000. The whole num-

ber of 1,000 was not delivered during the year 1895, and on December 19, 1895, Butler & Ward wrote to plaintiff in error as follows:

"Mr. W. H. H. Smith, Toledo, O.

"Dear Sir:—Your guaranty for goods purchased from us by Chas. Truman & Co. of Toledo, O., for the year 1895 will expire on the thirty-first day of this month. We have their order for a number of saddles to be shipped during the present season of 1896, and we write to inquire if your guaranty will cover purchases for the coming year. If so, kindly put the same in writing and send it to us at your earliest convenience, and greatly oblige,

"Respectfully yours,
"Butler & Ward."

It will be observed that this is not in the form of a request for a new guaranty but rather for a construction of the guaranty already given. In response to this the plaintiff in error, on December 21, wrote as follows:

"Messrs. Butler & Ward.

"Gentlemen:—Your favor of the nineteenth inst. is at hand. The necessity for this guaranty is not apparent for 1896, as I think Chas. Truman & Co. are in good shape. Still, if it will facilitate their business I am willing to guarantee their bills with you for 1896.

"Yours truly,
"W. H. H. Smith."

It will be observed that there is a slight change in the phraseology of this guaranty from that used in the guaranty of May 13, 1895, and some deviation from the phraseology used in the letter of Butler & Ward of December 19, requesting some further assurance; the guaranty of May 13, 1895, being "I will guarantee the account of Charles Truman & Co. for the year 1895." The inquiry on the part of Butler & Ward is whether Smith's guaranty will "cover purchases for the coming year;" and the response being that he is willing to "guarantee their bills for the year 1896."

In the year 1896 two hundred saddles (I believe that is the number) were furnished, completing the contract for 1,000 which had been entered into in the year 1895, and another 100 saddles were furnished which were not covered by that contract; but it is conceded that the guaranty of December 31, 1895, covers that 100. It is claimed that by the terms of the guaranty of May 13, 1895, and also by that of December 31, 1895, the 200 saddles furnished in 1896 were covered. These 300 saddles were not paid for by Truman & Co. They made default—became insolvent. Smith, the guarantor, failed to pay, and this action was instituted to recover the price of the 300 bicycle saddles so furnished.

It is not clear that the guaranty of May 13, 1895, covers the 200 bicycle saddles furnished in 1896 under the contract for 100. On the other hand, it is not clear that it does not cover them. But we do not pass upon that. Assuming that it does not cover these saddles, it is urged here by the plaintiff in error that there was no consideration for the guaranty of December 21, 1895, with respect to the 200 bicycle saddles furnished under the contract for 1,000 which had been entered into prior to the time of the guaranty of December 21, 1895. The principle is invoked by the plaintiff in error that a promise to do or the doing of that which one is already under legal obligation to do, does not form a consideration for a promise, and that therefore the guaranty of December

Smith v. Butler et al.

21, 1895, was, as to the plaintiff in error, with respect to these 200 saddles, without consideration. Assuming that this principle would be applicable to the case of a promise made by a third person to whom the promise was not originally bound, we do not think it can be successfully invoked by plaintiff in error under the circumstances of this case. The acceptance of the order for 1,000 saddles was upon the condition or understanding, as clearly expressed by the correspondence, that payment should be guaranteed by the plaintiff in error. The defendant in error was not bound, in our opinion, to furnish the saddles called for after the expiration of the time limit of his guaranty of May 13, 1895, until that time had been extended or a new guaranty given covering the saddles called for. Hence there was, in the furnishing of the 200 saddles, a consideration for the guaranty of December 21, 1895, and the principle invoked is not applicable. We think it is indifferent whether the guaranty of December 21, 1895, be considered as a mere extension of that of May 13, 1895, or whether it be considered as a new original guarantee. Upon another ground we think the judgment of the court of common pleas in this case is right, and should be sustained. It applies only to cases where the guaranty is not supported by any consideration. The judgment of December 21, 1895, is unquestionably supported by the consideration arising from the furnishing of the 100 saddles not covered by the order of '95 for 1,000 saddles, and by its terms it covers the 200 covered by that order but furnished in 1896. Now a guaranty is binding and enforceable as to past transactions or advances if it also covers and is supported by future transactions and advances. The authorities in support of this are numerous, clear, and satisfactory.

For the reasons given the judgment of the court of common pleas will be affirmed.

*George H. Beckwith*, for plaintiff in error.
*I. N. Huntsberger*, for defendant in error.

---

## PENALTY—EVIDENCE—JUDGMENT.